IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTIN ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>KATIE VAUGHN, et al.,<br><br>    Defendants. | No. 3:18-CV-1109-B-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Rule 12(b)(6) Motion to Dismiss (ECF No. 9) filed by Defendants Katie Vaughn, Adam Alfia, and Kfir Alfia, requesting that the Court dismiss Plaintiff's Title VII race-discrimination and retaliation claims. For the reasons stated, the District Court should GRANT Defendants' Motion and DISMISS Plaintiff's claims without prejudice.

### Background

On April 30, 2018, Plaintiff Christin Adams, proceeding *pro se* and *in forma pauperis*, filed a handwritten Complaint in which she alleges: "I believe I have been discriminated against by the named individuals [Defendants Katie Vaughn, Adam Alfia, and Kfir Alfia] due to my race which initially began with a reduction in pay until my voluntary resignment [sic] due to retaliation and further discrimination." Compl. 1 (ECF No. 3). Plaintiff attached to her Complaint a copy of an EEOC Charge of Discrimination filed on January 19, 2018, in which she states:

1

> I believe I have been harassed due to my race-black. On December 22, 2017, comments referencing my race were made on Facebook by my co-worker, Anthony Sikora. On December 26, 2017, I reported these comments to Katie Vaughn, Operations Director. On December 29, 2017, I was involuntarily transferred to the day shift, resulting in a loss of pay.

*Id.* 5. Plaintiff also attached to her Complaint a statement in which she recounts a March 6, 2018 incident when Vaughn allegedly reprimanded her in the restroom and on the walk back to the call-center floor for not adhering to the schedule when she got water for another agent. *Id.* 2. According to Plaintiff, Vaughn told her that continued schedule violations would lead to disciplinary action. *Id.* Plaintiff asserts that she then complained to manager Adam Alfia, who referred her complaint that "Katie Vaughn had an unwarranted vendetta against [her]" to Kfir Alfia. *Id.* Plaintiff states Kfir told her that he read her complaint twice but "could not find any 'credibility' to [her] claims." *Id.* After further investigation into the complaint, Kfir apparently told Plaintiff that he addressed reprimanding employees in the restroom with Vaughn. *Id.* 3. Plaintiff maintains that Kfir told her that he would move her seat away from Vaughn's; however, Plaintiff states that she was then placed in the line of sight of four managers, directly under a camera. *Id.* After her first complaint to Kfir, Plaintiff alleges that Vaughn issued her a "final written warning." *Id.* Plaintiff again brought a complaint to Kfir, stating that all agents engage in the offenses for which she was issued a warning, but Kfir angrily rejected Plaintiff's complaints that Vaughn was unfairly targeting her. *Id.* 3-4. Plaintiff's Complaint does not allege any specific request for damages or other relief.

Defendants filed their Rule 12(b)(6) Motion to Dismiss arguing that Plaintiff failed to state a claim for race discrimination and retaliation under Title VII. Defs.' Br. Support 2-3 (ECF No. 10). Plaintiff failed to respond to Defendants' motion, and the time to file a response has expired. Accordingly, the Court considers the motion without the benefit of a response.

## Legal Standard

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Defendants' motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Race Discrimination

Defendants argue that Plaintiff's race discrimination claim should be dismissed because she failed to plead the prima facie elements of a race discrimination claim. Although the well-known *McDonnell-Douglas*[1] framework is an evidentiary standard and not a rigid pleading requirement, the Court may still consider the *McDonnell-Douglas* elements in its analysis under Rule 12(b)(6). *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive respondent's motion to dismiss."); *see also Flores v. Select Energy Servs., LLC*, 486 F. App'x 429, 432 (5th Cir. 2012) ("The district court correctly noted that [the plaintiff] does not have to plead a prima facie case to state a plausible claim of age or race discrimination."); *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009) (approving use of *McDonnell-Douglas* framework to test whether a plaintiff has alleged facts sufficient to state all the elements of a Title VII discrimination claim). "Title VII prohibits discrimination 'because of' a protected characteristic,

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

including race." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1)). To state a claim for relief, Plaintiff must allege enough facts to plausibly suggest that her employer discriminated against her because of her race. *Gallentine v. Hous. Auth. of Port Arthur*, 919 F. Supp. 2d 787, 804 (E.D. Tex. 2013).

     Plaintiff's Complaint fails to set forth any facts that would show Defendants discriminated against her because of her race. She does not allege facts that show any Defendant subjected her to an adverse employment decision because of her race or that any other similarly-situated employee not in her protected class was treated more favorably than she was treated. To the extent Plaintiff recounts an incident about another black, female employee who was forced to write an apology letter for making negative comments about the company, that incident did not involve Plaintiff and cannot support a claim that Defendants discriminated against Plaintiff. To the extent Plaintiff complained of racial harassment by a co-worker, Plaintiff did not name the co-worker as a defendant; nor did she allege the co-worker took any adverse employment action against her. Because Plaintiff has not plausibly pleaded a claim for discrimination under Title VII, Defendants are entitled to dismissal of Plaintiff's race-discrimination claim against them.

Retaliation

     Plaintiff similarly fails to state a Title VII retaliation claim against Defendants. "A plaintiff establishes a prima facie case of retaliation by showing '(1) [she] engaged in an activity protected by Title VII; (2) [she] was subjected to an

adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.'" *Wright v. Chevron Phillips Chem. Co.*, 734 F. App'x 931, 935 (5th Cir. 2018) (per curiam) (citing *Willis v. Cleco Corp.*, 749 F.3d 314, 317-18 (5th Cir. 2014)). An employee engages in a protected activity under Title VII "if she . . . 'oppose[s] any practice made an unlawful employment practice under [42 U.S.C. § 2000e–3(a)].'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (citing 42 U.S.C. § 2000e–3(a)). The Fifth Circuit has "'consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity.'" *Wright*, 734 F. App'x at 935 (quoting *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015)).

In her Complaint, Plaintiff states her belief that Vaughn had a vendetta against her; that she "challenged the validity of [Vaughn's] claims" by bringing her concerns to manager Kfir Alfia; and that after her meeting with Kfir, she received a "final written warning." Compl. 2-3. Plaintiff does not, however, cite any specific unlawful employment practice under Title VII, nor does she indicate what Vaughn's claims were specifically, or what the warning was for.

Plaintiff's EEOC Charge, a copy of which is attached to her Complaint, alleged that Vaughn moved her to the day shift, a move that resulted in a loss in pay, after she complained that a co-worker made comments on Facebook that "referenced" Plaintiff's race. Compl. 5. To constitute actionable retaliation, Plaintiff must oppose a practice made unlawful by Title VII. 42 U.S.C. § 2000e-

3(a). This requires Plaintiff to prove that the practice she complained of was actually unlawful, or that she reasonably believed the practice was unlawful. *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (citing *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-40 (5th Cir. Unit A Sept. 1981)). Title VII prohibits racial harassment in the workplace, but isolated comments generally cannot support a Title VII harassment claim. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Instead, actionable harassment requires that the alleged unlawful action be so "'severe or pervasive'" as "'to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). "[O]ffhand comments[ ] and isolated incidents" are not enough to violate Title VII. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Plaintiff's vague allegation regarding her complaint about a co-worker's isolated Facebook comments "referencing" her race fails to state a viable retaliation claim. First, she asserts that her co-worker made only one comment, so she fails to plead facts to show the alleged harassment was pervasive. Further, she fails to state the alleged comment was made at work or during work hours. Indeed, Plaintiff fails to offer any details about, or context surrounding, the alleged comment that would show she reasonably believed the alleged harassment was so severe as to alter the conditions of her employment and create an abusive working environment. Because Plaintiff offers only vague complaints, she fails to plausibly plead a Title VII retaliation claim against Defendants.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendants' Motion to Dismiss (ECF No. 9) and DISMISS Plaintiff's claims against them without prejudice.

**SO RECOMMENDED.**

February 12, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).